IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**CLYDE JUNIOR STOUT,**

  **Plaintiff,**

**v.**                Civil Action No. 2:05CV18
                    (Judge Maxwell)

**CHAD STRAWSER, Correction Officer;**
**JACK TAYLOR, Jail Administrator;**
**RONALD CRITES, Sheriff of Preston County;**
**COUNTY COMMISSIONERS OF PRESTON COUNTY,**
**VICTORIA A. COLE, L. DARWIN WOLFE,**
**and DAVE PRICE,**

  **Defendants.**

## REPORT AND RECOMMENDATION/OPINION

### I. FACTS

On February 28, 2005, the *pro se* plaintiff, Clyde Junior Stout, filed a complaint pursuant to 42 U.S.C. §1983 against the above-named defendants seeking monetary damages for the alleged violations of his Eighth Amendment rights. The plaintiff asserts that the defendants have been deliberately indifferent to his medical needs.

According to the plaintiff, on April 20, 2004, he spoke to Dr. Mazzo, attending physician at the Preston County Jail regarding mental stress and thoughts of suicide. Dr. Mazzo requested that the plaintiff be admitted for a hygiene warrant to Preston Memorial Hospital and admitted to Sharps Hospital for a psychological evaluation. Strawser contacted Jack Taylor regarding Dr. Mazzo's request. Taylor refused to sign the proper paper work and to give his consent to release the plaintiff for medical treatment.

On or about May 25, 2004, Ronald Crites had the plaintiff's antidepressant medications stopped because there was no money to pay for the medication.[1] According to the plaintiff, after his medications were stopped his depression became worse. On or about June 5, 2004, the plaintiff drank toilet bowl acid in a suicide attempt.[2] According to the plaintiff, as a result of ingesting the toilet bowl acid he sustained a second to third degree burn in his throat, mouth and stomach and spent seven days at Ruby Memorial Hospital.

Upon his return to the Preston County Jail, the plaintiff was placed in the drunk tank. The plaintiff states that all of his clothes were taken from him, he was not given a blanket, and his cell had no running water, except every two or three days the water was turned on so he could flush his toilet.

The plaintiff states that the jail had a grievance procedure but he did not pursue his administrative remedies regarding these issues because "plaintiff not in a sane state of mind to grievance situation."

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.02. Having screened the plaintiff's complaint in accord with the local rules of this Court and in accord with the provisions of 28 U.S.C.§ § 1915(e) and 1915A,[3] the undersigned

---

[1] The plaintiff states that he was on Effixor XL, Prozac, Valium, Trazidone, and Busbar.

[2] The plaintiff also states that he drank the toilet bowl acid "as a bet so the Sheriff would not lock him in a suicide cell."

[3] 28 U.S.C. §1915A provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

concludes that the plaintiff's complaint with regard to Cole, Wolfe, and Price is frivolous and fails to state a claim. However, with regard to the plaintiff's claims against Strawser, Taylor and Crites, the undersigned recommends that the complaint not be summarily dismissed.

## II. ANALYSIS

While the plaintiff names the County Commissioners of Preston County, Victoria Cole, L. Darwin Wolfe and Dave Price, as defendants, he has made no allegations against them. Because there are no allegations of any wrongdoing on the part of Cole, Wolfe, and Price, the plaintiff's complaint is both frivolous and fails to state a claim on which relief can be granted as to these defendants. See Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996)(statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

With regard to Defendants Strawser, Taylor and Crites, the undersigned has construed the complaint as raising a claim that Strawser and Taylor violated the plaintiff's Eighth Amendment rights by being deliberately indifferent to his serious medical needs by denying him psychological treatment, and that Crites was deliberately indifferent to his medical needs by stopping his medication.

To state a claim under the Eighth Amendment for ineffective medical assistance, the

---

28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
    (B) the action or appeal-
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976).

The undersigned finds that the facts as alleged prevent the case from being summarily dismissed. Thus, the undersigned recommends that Strawser, Taylor and Crites be ordered to answer the complaint.

### III. RECOMMENDATION

In consideration of the foregoing, it is recommended that the plaintiff's complaint be **dismissed with prejudice** pursuant to 28 U.S.C. §§1915e(2) and 1915A for failure to state a claim and for being frivolous with regard to Cole, Wolfe, and Price. With regard to the plaintiff's claims against Strawser, Taylor and Crites, the undersigned recommends that the complaint not be summarily dismissed and that they be served with the complaint.[4]

Any party may file within ten (10) days of the date of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and

---

[4]The Clerk's Office filed a letter received from the plaintiff on March 16, 2005. In his letter, the plaintiff asks whether he would have to serve the defendants or the Court would serve them. It is not necessary for the plaintiff to serve the defendants at this time. If the case proceeds forward as recommended, the plaintiff will be advised as to how service will occur.

Recommendation/Opinion to the *pro se* plaintiff.

Dated: May 4, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE